IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| National Alliance for Accessibility, Inc., a Florida Non-Profit Corporation, and Denise Payne, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> Mehta, LLC, a South Carolina Limited Liability Company, d/b/a Quality Inn, <br><br> Defendant. | Civil Action No. 3:12-1963-MBS <br><br><br><br><br><br> **ORDER AND OPINION** |

On July 14, 2012, Plaintiffs National Alliance for Accessibility, Inc. ("National Alliance") and Denise Payne filed an action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff Payne, who is paralyzed from the waist down and uses a wheelchair to ambulate, alleges that she encountered architectural barriers when she visited the Defendant Mehta, LLC's property, the Quality Inn at Piney Grove Road in Columbia, South Carolina, on July 18, 2010. Plaintiffs allege that Plaintiff Payne was denied full and equal participation on account of her disability at a place of public accommodation. Specifically, Plaintiffs contend that the required access aisle was not provided adjacent to the designated accessible parking spaces; the curb ramps provided slopes that exceed the requirements of the ADA; the loading zone did not provide required signage; required handrail extensions were not provided on the stairs and the ramps did not provide the required handrails; the pool gate did not provide a level landing; and Plaintiff Payne's "disabled guest" room was noncompliant with ADA accessibility standards in various respects. Plaintiff Payne alleges that she plans to return to the property in June 2013. Plaintiffs seek declaratory and injunctive relief, as well as an award of costs and attorney fees pursuant to 42 U.S.C. § 12205.

This matter is before the court on Defendant's motion to dismiss Plaintiffs' complaint based on lack of standing, *see* Fed. R. Civ. P. 12(b)(1), which motion was filed on October 26, 2012. Despite being granted an extension of time to respond, Plaintiffs elected to file no memorandum in opposition to Defendant's motion.

DISCUSSION

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). A complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

Article III of the Constitution restricts the subject matter jurisdiction of the federal courts to "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Constitution requires that a plaintiff invoking federal jurisdiction have suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quotations and citations omitted). The plaintiff's injury must also be fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision. *Id.* at 560-61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Because standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof[.]" *Id.*

2

Furthermore, a plaintiff seeking injunctive relief may not rely on prior harm. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).  Standing to seek injunctive relief does not exist absent a "showing of any real or immediate threat that the plaintiff will be wronged again," or, in other words, "a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  A "speculative . . . claim of future injury" does not establish standing to seek equitable relief.  *Id.*

A.   Plaintiff Payne

A plaintiff's profession of an intent to return to the places she had visited before is not enough to establish standing to seek injunctive relief. *Lujan*, 504 U.S. at 564.  In determining whether a plaintiff has demonstrated a real and immediate threat of future harm as required to bring an ADA claim, the court may consider, among other things, the following four factors: (1) the proximity of plaintiff's residence to the property in question, (2) plaintiff's past patronage of the public accommodation, (3) the definitiveness of plaintiff's plan to return, and (4) whether plaintiff frequently travels near the establishment. *Nat'l Alliance for Accessibility, Inc. v. NCP W. Blvd., LLC*, 2012 WL 3834931 (E.D.N.C. Sept. 4, 2012) (citing cases).

In this case, Plaintiff Payne resides in Florida, a great distance from the Quality Inn at issue.  Plaintiff Payne reports only a single visit to the Quality Inn in 2010, and she has informed the court only that she intends to return sometime during June or July of 2013.  In addition, there are no facts in the complaint to demonstrate that Plaintiff Payne frequently travels near the Quality Inn.  None of the factors set forth in *NCP Western Boulevard* militate in favor of a finding that Plaintiff Payne

suffers a real and immediate threat of future harm. The court concludes that Plaintiff Payne lacks standing to bring this action.

B.     National Alliance

National Alliance asserts that its purpose is to represent the interests of its members. Such "associational standing" is authorized when (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Associational standing may exist even when just one of the association's members would have standing. *Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 186 (4th Cir. 2007) (citing *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). In this case, Plaintiffs' allegations are grounded solely on Plaintiff Payne's visit to the Quality Inn. Because Plaintiff Payne lacks standing to sue in her own right, National Alliance is unable to establish organizational standing.

The court concludes that Plaintiffs have failed to sufficiently allege the elements of Article III standing.

## CONCLUSION

Defendant's 12(b)(1) motion to dismiss for lack of standing (ECF No. 7) is **granted**. Plaintiffs' complaint is dismissed without prejudice.

**IT IS ORDERED.**

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
December 12, 2012